sxb

**FILED**

FEB 06 2018

RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>Plaintiff, ) | No. 17 – CR – 296 (1) |
| ) | |
| vs. ) | |
| ) | Hon. Judge Ronald A. Guzman |
| DAMARCUS BENNETT, )<br>Defendant. ) | |

## PLEA DECLARATION

NOW COMES defendant DAMARCUS BENNETT, with the instant Plea Declaration, and in support thereof states the following:

Defendant BENNETT, after consultation with his attorney, Brendan Shiller, acknowledges and states the following:

### Charge in This Case

1.     The indictment in this case charges defendant with one count of being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g).

2.     Defendant has read the charge against him contained in the indictment, and that charge has been fully explained to him by his attorney. Defendant fully understands the nature and elements of the crime with which he has been charged.

3.     By this Plea Declaration, defendant voluntarily pleads guilty to the sole count of the indictment, which charges defendant with one count of being a felon in possession of a firearm in violation of Title 18, United States Code, Section 922(g).

<u>Factual Basis</u>

4.      Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

On or about July 15, 2014, at or about Chicago, IL, in the Northern District of Illinois, Eastern Division, defendant, previously having been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess in and affecting interstate commerce a firearm, to wit, a 410 gauge Savage Arms, Stevens Model 940A shotgun and ammunition, which firearm had traveled in interstate commerce prior to defendant's possession thereof in violation of Title 18, United States Code, Section 922(g).

Specifically, in the area of 80th and Laflin Streets in Chicago, IL defendant met with an associate of defendant (Individual A) who brokered the sale of the shotgun described *infra* to a confidential informant (CI) who was the intended buyer of said shotgun. Defendant brought the shotgun and 36 shotgun shells to the CI's vehicle, Individual A placed the shotgun and shells in the trunk of the CI's vehicle and the CI paid defendant $200 for the shotgun and shells. The CI and Individual A then departed the area.

Defendant acknowledges that prior to July 15, 2014, on or about November 6, 2009, in the Circuit Court of Cook County, Illinois, defendant had been convicted of aggravated discharge of a firearm at an occupied vehicle in violation of 750 ILCS 5/24-1.2(a)(2), which is a felony punishable by a term of imprisonment exceeding one year.

Defendant further acknowledges that, prior to his possession of the 410 gauge Savage Arms, Stevens Model 940A shotgun, said firearm had traveled in interstate commerce as it had been manufactured in the Commonwealth of Massachusetts.

2

<u>**Maximum Statutory Penalties**</u>

5.      Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

        a.      **Imprisonment.**  Defendant understands that the charge to which he is pleading guilty carries a maximum sentence of 10 years' imprisonment,

        b.      **Fine.**  Defendant understands that the charge to which he is pleading guilty carries a maximum fine of $250,000.

        c.      **Supervised Release.**  Defendant understands that the charge to which he is pleading guilty carries a maximum a term of supervised release of not more than 3 years.

        d.      **Special Assessment.**  Defendant understands that, in accordance with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the count to which he has pled guilty, in addition to any other penalty or restitution imposed.

        Therefore, under the charge to which defendant is pleading guilty, the maximum penalties the Court may impose are a period of 20 years of imprisonment, a fine of $250,000, a period of supervised of 3 years, a special assessment of $100 and restitution in its discretion.

<u>**Sentencing Guidelines Calculations**</u>

6.      Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

7.      For purposes of calculating the Sentencing Guidelines, defense counsel's preliminary analysis of the applicable guidelines is as follows:

3

a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing, namely those contained in the 2016 Guidelines Manuel. Defendant acknowledges that the following statements regarding the calculation of the Sentencing Guidelines are based on said Guidelines Manual:

b. **Offense Level Calculations.**

i. Sole Count of Indictment

The base offense level for the sole charge in the Indictment is 20, pursuant to Guideline § 2K2.1(a)(4) because the defendant committed the instant offense subsequent to sustaining a felony conviction for a crime of violence, namely the conviction identified in ¶4 *infra*.

ii. Acceptance of Responsibility

Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct for his actions within the meaning of Guideline § 3E1.1(a), accordingly, a two-level reduction in the offense level is appropriate. Further, defendant has timely notified the government of his intention to enter a plea of guilty thereby permitting the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government should move for an additional one-level reduction.

iii. Criminal History Category.

With regard to determining defendant's criminal history points and criminal history category, defendant believes that his criminal history points likely equal eleven and his criminal history category is III.

c. **Anticipated Advisory Sentencing Guidelines Range**. Therefore, based on the facts now known at this time, the anticipated offense level is 17, which, when combined with the anticipated criminal history category of III, results in an anticipated advisory sentencing guidelines range of 30 to 37 months' imprisonment, in addition to any supervised release and fine the Court may impose.

8. Defendant acknowledges that the above guidelines calculations are preliminary in nature. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation.

<u>Acknowledgments and Waivers Regarding Plea of Guilty</u>

<u>Waiver of Rights</u>

9. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

a. **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial. Defendant understand that:

i. The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order for the trial to be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in

choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

       iii.      If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

       iv.      If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

       v.      At a trial, whether by a jury or a judge, the government would present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

       vi.      At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

       vii.      At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

       **b.**      **Other Rights**

10.     Defendant understands that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

### Limitations and Consequences of Plea

**11.**     Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charge against him and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Defendant further understands that he will be able to present evidence in mitigation at the time of sentencing.

12.     Should the judge refuse to accept defendant's plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept the plea of guilty, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Rules of Criminal Procedure 11(e)(6)(A), (C), and (D).

13.     Defendant understands that the sentencing guidelines are not mandatory, and that the Court's decision as to what sentence constitutes a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. §3553(a)(4), may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Defendant understands that the applicable sentencing guideline range is one factor which the Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required factors under 18 U.S.C. § 3553(a)

14.     Defendant further understands that, at the time of sentencing, the Government and the Defendant will be free to make their respective recommendations to the Court as long as they meet the objectives of 18 U.S.C. § 3553 and are appropriate.

15.     Defendant understands and agrees that this Plea Declaration shall be filed with the Court and become a public record.

16.     Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Defendant further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

17.     This Plea Declaration is entirely voluntary.

Signed this _____ day of February, 2018

_____

DAMARCUS BENNETT,  Defendant

Respectfully Submitted,

s/ Brendan Shiller

Brendan Shiller
Shiller Preyar Law Offices
@ The West Side Justice Center
601 S. California Ave,
Chicago IL 60612
312-226-4590
ARDC No. 6279789

8